THE CITY OF CHICAGO

v.

SETH B. HOWES et al.

*Opinion filed November 8, 1897.*

1. STREETS AND ALLEYS—*what not inconsistent with use of alley as a public highway.* Constructing a narrow sidewalk along one side of an alley and placing posts along its outer edge are not such acts by a private owner as are inconsistent with the use of the whole alley as a public highway.

2. SAME—*twenty years' adverse user of land by the public creates an easement therein.* Twenty years' use by the public of a strip of land within an alley, without interruption save from temporary obstructions not of a character to exclude the public from the strip or to show an appropriation of it to private use, creates a public easement therein.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

WILLIAM G. BEALE, Corporation Counsel, and GEORGE A. DUPUY, (W. P. THORNTON, of counsel,) for appellant.

MASON BROS., (HENRY B. MASON, of counsel,) for appellees.

Per CURIAM: This is an appeal from a decree entered by the circuit court of Cook county, finding that appellee Seth B. Howes was, as alleged in his bill, the owner in fee simple of the north half of the west half of block 4, in canal trustees' subdivision of the west half of section 27, in township 39, range 14, east of the third principal meridian, and adjudging that the claim of the city to an easement for an alley over a part of said premises be set aside and declared null and void, and that the city has no right or title in or to any part of said premises, and that it be enjoined and restrained from entering upon or in any way interfering with the same, or with complainant's use and enjoyment thereof. It was also alleged that

the city was estopped from claiming the strip in question as a part of the alley by certain ordinances it had passed and proceedings it had instituted.

It is not disputed that there was an alley running north and south through said block 4, except that, as to the north end of such alley, the complainant in the bill insisted that for the distance of one hundred feet in length north and south, and for the width of about nine feet, said alley, as alleged to have been dedicated to the city, was a part of the premises above described and was his private property. It was also claimed in another suit by the adjoining proprietor on the east, that the east half of said alleged alley, to the extent of about two hundred feet in length at its north end, belonged to her, Mrs. Sawyer, as her property in fee, and was also free from the easement of an alley insisted on by the city. The two causes were not consolidated but were tried together in the circuit court, and the evidence was taken and reported together by the master in both cases. The contention of the city was and is, that the said strip of land from the east side of appellee's premises, extending to the center of the alley in question, had been for more than twenty years prior to the filing of the bill, continuously used and traveled by the public as a part of said alley with the knowledge and consent of the complainant and his grantors, and that the same had thereby become and was a part of said alley and a public highway of said city; that it had been so used and traveled, and buildings had been built with reference to it by the complainant, and others with his consent, and that thereby, and by the acquiescence of the complainant and his grantors in the use of said strip of land as an alley, the complainant was and is estopped from asserting title thereto adversely to the easement of the city and the public therein for such alley.

It is unnecessary here to set out any more of the evidence taken in the two causes than applies to the strip in question claimed by the complainant, and not set out

or adverted to in the opinion of this court in the other case of *City of Chicago* v. *Sawyer*, 166 Ill. 290. The mass of the evidence related to both cases, and reference may be had to that case for a statement of such evidence and our conclusions thereon. In that case we held, that as to the strip of land claimed by Mrs. Sawyer, being the east half of the north two hundred feet, approximately, of the said alleged alley, it had been open and in use as a part of the alley from 1861 until she fenced it up, in 1890; that such use was actual, open and uninterrupted by the public as a public alley for more than twenty years, and that the city was not estopped by ordinances which it had passed and proceedings which it had instituted, given in evidence, from asserting such easement and from disputing the complainant's ownership free from such easement. While, as said in that case, the facts are not alike in the two cases,—that is, in respect to the acts of the two owners in putting obstructions upon their said respective strips, —still, we are of the opinion that the difference is not such as to require a different decision in this case from the one rendered in the *Sawyer case.*

It is claimed on the part of the complainant that when he purchased and became possessed of the property, in 1866, there was a wooden fence, with posts, along the east line of the premises, which would be near the middle of said alley at the north end,—that is, on the east side of said strip claimed by him,—and that that fence was kept up until after the great fire, in 1871, but was then taken down at the request of neighbors because of their apprehensions of danger from fires, so that fire engines could pass through, and also that he put up on said strip the framework of a building or of an addition to another building, but before it was completed removed that also for the same reason, but that he placed some posts along there, three or four feet high, and built a sidewalk between such posts and the west line of the alley as it now is, and that he never dedicated said strip as an alley.

The evidence showed that there were a few short posts in the ground just outside of this sidewalk and that they were put there to protect the walk. The sidewalk was less than two feet wide, and its construction and use, and the posts put in to protect it, were in nowise inconsistent with the use of the alley as a public highway, and under all of the evidence in the case we cannot regard them as of controlling importance. There was a similar sidewalk on the east side, claimed by Mrs. Sawyer.

As to the alleged fence and building there is a conflict in the evidence, but we are satisfied that the decided weight of the evidence is that this alley over the strip of land in question was traveled and used by the public continuously, with little or no interruption, as a public alley from a period anterior to the conveyance of the property to appellee, in 1866,—down to 1890,—about the time when this suit was commenced. A large number of witnesses, covering in their testimony different periods of the time mentioned, who had occasion to use the alley constantly, passing and re-passing with different kinds of vehicles, so testified. The volume and weight of the testimony show that if there were any obstructions in this alley on the strip in question they were only temporary, and were not of such a character as to exclude the public therefrom or show an appropriation of the strip to the private use or possession of appellee.

When appellee purchased the property in question he took from his grantors the assignment of a lease which they had previously made of a part of said property, which lease contained a reservation of ten feet of the rear for an alley. While it cannot, perhaps, be said that such reservation in the lease operated to estop the appellee from claiming the strip under his grant, still, it is a circumstance to be considered, in connection with the other evidence in the case, as showing the acquiescence of the appellee in the appropriation of this strip, or a part of it at least, as a public alley.

Without a further rehearsal of the evidence, we are of the opinion, as before stated, that the facts in this case are not such as to lead to a different result from that in the *Sawyer case*, and, as in that case, the decree herein will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded.*